UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KENT SULLIVAN,
LINDA SULLIVAN,

               Plaintiffs,

                                                     **Hon. Hugh B. Scott**

                                                        11CV1076S

            v.

                                                              **Order**

COTTRELL, INC.,
COLUMBUS McKINNON CORPORATION,

               Defendants.

       Before the Court are defendant Cottrell, Inc., motions for a stay pending determination of

Multidistrict Litigation ("MDL") transfer (Docket No. 18[1]) and for the stay of briefing of pending

motions or expedited consideration (Docket No. 19[2]).  Plaintiff responded to these motions

(Docket No. 20), and this Court set any reply to be due by February 6, 2012 (Docket No. 21).

The motion was argued on February 10, 2012 (Docket Nos. 25 (minute entry), 21 (scheduling

notice)), and this Court reserved decision.

---

     [1]In support of this motion, Cottrell submits its attorney's Affidavit and Memorandum of
Law, Docket No. 18, its Reply Memorandum, Docket No. 22, and its Supplement to the Motion
(with exhibits), Docket No. 26.  In addition to the responding papers, Docket No. 20, plaintiffs
submit their attorney's affidavit in opposition to the Court's consideration of Cottrell's
supplemental papers, Docket No. 27.

     [2]In support of this motion, Cottrell submits its attorney's Affidavit and Memorandum of
Law, Docket No. 19, its Reply Memorandum, Docket No. 22, and its Supplement to the Motion
(with exhibits), Docket No. 26.

Also pending (which Cottrell seeks stayed or decided prior to the MDL transfer decision) are Cottrell's motion to dismiss (Docket No. 13) and plaintiffs' motion to remand the case to New York State court (Docket No. 14).

## BACKGROUND

This is a removed action pursuant to 28 U.S.C. §§ 1331 (federal question), 1441, 1446 (removal), and the Labor Management Relations Act, 29 U.S.C. §§ 141, 185, et seq. ("LMRA") (Docket No. 1, Notice of Removal).  Plaintiffs strenuously contest the bases for this removal and that is the subject of their motion for remand (see Docket No. 14).

The state Complaint alleges negligence, breach of warranties, negligent design, against Cottrell, seeking compensatory damages, punitive damages for plaintiff Kent Sullivan and loss of consortium claims by plaintiff Linda Sullivan (Docket No. 1, Notice of Removal, Ex. B, Compl.).  Cottrell was named as a defendant in this action commenced in New York State Supreme Court in May 29, 2007, for damages from an accident arising from plaintiff Kent Sullivan driving as a member of the International Brotherhood of Teamsters ("Teamsters") (id., Notice of Removal ¶¶ 2-3).  Although plaintiffs allege that Kent Sullivan was a car hauler, he did not allege membership in the Teamsters.  Cottrell answered (id., Ex. C) and defendant Columbus McKinnon amended its Answer (id., Ex. D) in state court.

In removing this action, Cottrell argued that the claims against it (and Columbus McKinnon) are "completely preempted" by section 301 the Labor Management Relations Act, 29 U.S.C. § 185 (id. ¶ 5), that plaintiffs' claims arose out of or "are inextricably related" to the Collective Bargaining Agreement ("CBA") the Teamsters had with various employers (id. ¶ 8).

According to the decision of the New York State Supreme Court (on a motion for leave to amend and for summary judgment), plaintiff Kent Sullivan was employed by Allied Systems, Ltd., as a car hauler driver (id., Ex. E, Notice of Appeal, Ex. A, Order of Hon. Paula Feroleto, filed July 19, 2010, at 1).  Plaintiffs sued Cottrell, the manufacturer of a "rig," a car carrier vehicle that includes a ratchet/chain system used to "tie down" automobiles carried on the rig, and Columbus McKinnon, the manufacturer of the chain (id.).  Plaintiffs allege that the ratchet/tie down system malfunctioned and broke causing injuries to Kent Sullivan on three occasions in 2006 and 2007 (id. at 1-2).

As noted by Cottrell in its initial Memorandum in Support of Notice of Removal (Docket No. 2, at 2) this action is one of fifteen removed actions Cottrell has filed arising from Teamster members' individual actions in state courts alleging personal injury or product liability.  The Clerk of this Court noted to the Judicial Panel on Multidistrict Litigation (or "JPML") that this action was removed to this Court (text remark, Dec. 23, 2011).

A scheduling conference was set (Docket No. 11), when motion practice commenced. First, Cottrell filed a notice of filing a motion to transfer to the MDL court (Docket No. 12) and moved to dismiss the action (Docket No. 13).  Two days later, plaintiffs moved to remand the case back to state court (Docket No. 14).  This Court canceled the pending scheduling conference (Docket No. 15) and, after receiving dispositive referral jurisdiction from Chief Judge Skretny (Docket No. 16), scheduled briefing of these motions, with responses due February 21, 2012, replies by March 1, 2012, and argument scheduled for March 7, 2012 (Docket No. 17).

*Motions to Stay Action and Particular Proceedings Therein*

Cottrell then filed the two motions being considered in this Order.  First, Cottrell moves to stay the entire case pending determination of its MDL motion and/or determination of the complete preemption issue underlying Cottrell's contentions in this case (Docket No. 18). Cottrell notes that there are four what it terms "Teamster Cases" pending in other federal courts; in two of these cases the issue of LMRA complete preemption has been briefed and is awaiting decision (id., Def. Memo. at 3).  Second, Cottrell also moved to stay or adjourn the briefing schedule for the pending motions to dismiss and to remand or shorten the motion practice pending for Cottrell's earlier stay motion (Docket No. 19).

Plaintiffs counter that this case was first removed based upon a paper filed in an unrelated case and had "somehow revealed the 'true nature of plaintiffs' claims' in this case and somehow now provides federal jurisdiction under a collective bargaining agreement" to which Cottrell is not a party (Docket No. 20, Pls. Memo. at 1-2).  They point out that in eight other cases like this one, courts have remanded similar actions, including the case (McNary) that Cottrell relies upon (id. at 2).  Plaintiffs note there will be delay in consideration of their jurisdictional objection if the case is transferred to the MDL court (id. at 4).  They argue that Cottrell has not shown "a clear case of hardship or inequity in being required to go forward," Landis v. North American Co., 299 U.S. 254, 259 (1936), in this Court (id. at 4-5).  They also contend that Cottrell waived its removal rights by prosecuting this case in state court on the merits, failing to file a timely removal notice, and engaging in extensive discovery in state court prior to the removal (id. at 5-6).  These arguments are still better addressed with plaintiffs fully briefed motion to remand. They dispute whether this case is appropriate for MDL transfer (id. at 6), but also those

4

arguments are best addressed either by the JPML or on the merits of plaintiffs' fully briefed and argued motion to remand.  Plaintiffs accuse Cottrell of forum shopping for an action commenced in New York in 2007 and extensively litigated since (id. at 7-8).  Finally, plaintiffs dispute Cottrell's contention that judicial economy and efficiency would be served by transferring this action (or staying this case pending a transfer) (id. at 9).

In reply, Cottrell argues that the Complaint challenges the tie-down method required by the Teamsters' CBA, hence these purported product liability or personal injury claims are preempted by the LMRA (Docket No. 22, Cottrell Reply Memo. at 2-3).  Since plaintiff Kent Sullivan's employer had to buy rigs that complied with the CBA, plaintiff's relief was by a grievance under that CBA (id. at 5).  Cottrell terms the bargained-for product specifications to be a case of first impression (id. at 6).  Cottrell emphasizes that the United States District Court for the Southern District of Illinois (the court with many of the Teamster cases cited by all parties) had granted a stay pending determination of Cottrell's pending MDL transfer motion (id., Ex. H), Dorrell v. Cottrell, Inc., No. 11-CV-1115-WDS, Order (S.D. Ill., Jan. 18, 2012).  Cottrell also notes that the eight Southern District of Illinois cases plaintiffs cited are on appeal before the United States Court of Appeals for the Seventh Circuit (id. at 7), with appellees in those appeals to address Cottrell's jurisdictional memorandum by February 23, 2012 (Docket No. 26, Cottrell Supp. to Motion ¶ 4, Ex. 3), arguing many of the same points urged here.

Cottrell supplements its papers discussing updates from the other cases (id.).  In Lewis v. Cottrell, Inc., No. WMN-11-2632, Order of Feb. 14, 2012, at 2, the court granted a stay because the issue in the motion to dismiss there would be considered by the transferee court if the JPML

grants the transfer motion (id. ¶ 1, Ex. 1).  Judge Nickerson in Lewis also noted that the JPML

will consider the motion to transfer[3] on March 29, 2012 (id., ¶ 5, Ex. 1, Order at 1-2; id., Ex. 4).

DISCUSSION

I.      Preliminary Matters

        By considering first Cottrell's stay motions, so much of Cottrell's alternative relief

seeking a shortened motion practice for the first stay motion (Docket No. 19) was **granted**.

Next, this Court considers whether to stay this action (or the pending motions) in light of the

MDL proceedings (Docket No. 18).

        Plaintiffs also object to consideration of Cottrell's supplement to the motion (Docket

No. 27; cf. Docket No. 26), arguing that it is a sur-reply paper that was filed without permission.

Although the supplement is technically a sur-reply filed without prior permission of this Court,

cf. W.D.N.Y. Loc. Civ. R. 7(a)(6), the supplement does update the Court on the status of the

MDL motion and, as such, the Court **grants leave, nunc pro tunc, to file it** and **denies**

**plaintiffs' request that the document be disregarded and stricken**.

II.     Stay of Action Pending Multidistrict Litigation

        A motion to remand is not an obstacle to transfer to the MDL Court, see In re Vioxx

Prods. Liab. Litig., 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005); In re Ivy, 901 F.2d 7, 9 (2d Cir.

1990) (the JPML "has jurisdiction to transfer a case in which a jurisdictional objection is

pending, that objection to be decided by the transferee court").  Judge Larimer, in North v. Merck

& Co., No. 05CV6475, 2005WL2921638, at *1 (W.D.N.Y. Nov. 4, 2005), held that "[t]he

general rule is for federal courts to defer ruling on pending motions to remand to MDL litigation

--------

[3]MDL No. 2339.

until after the [JPML] has transferred the case to the MDL panel."  This Court has recommended granting a stay where a conditional transfer order was pending, Mick v. Glaxosmithkline PLC, et al., No. 08CV386, Docket No. 23 (Report & Rec., Aug. 12, 2008), adopted, Docket No. 24, Order of Sept. 2, 2008 (staying action), 2008 U.S. Dist. LEXIS 67597; see also id., Docket No. 25, Order of Oct. 16, 2008 (transferring action to Eastern District of Pennsylvania).  A stay may be appropriate "when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well," Manual of Complex Litigation § 22.35, at 371 (4th Ed. 2004).

On the other hand, the pendency of a motion, conditional transfer order or conditional remand order before the JPML "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court," Multidistrict Litig. R. 2.1(d) (2010) (formerly numbered R. 1.5) (see Docket No. 20, Pls. Memo. at 2-3; id., Pls. Atty. Aff. ¶¶ 7-8, Ex. B).

Here, there is only a motion for a conditional transfer order and other courts have denied stays (and have in fact remanded to state court) in cases similar to plaintiffs' facing jurisdictional contentions raised by Cottrell.  Cottrell's stay motions go to the heart of the case since which court hears this case (the state court or a federal court, here or in Missouri) depends upon acceptance of one party's view of jurisdiction over its opponents.  Plaintiffs believe that this is a personal injury/products liability action best heard where they commenced it, in state court; Cottrell, however, believes that this (like other actions from across the country) is governed by the Teamsters' CBA and is preempted by the LMRA and, for convenience and efficiency, should be heard together with similar actions in the Eastern District of Missouri.  This Court is loathe to

7

decide these issues (even as part of a preliminary motion regarding a stay) when the issues have

not been fully briefed and argued.  During the argument of these stay motions, counsel touched

upon the jurisdictional, preemption, and removal issues but the primary focus of the argument

was whether to stay consideration of these underlying jurisdictional and like issues.

Unlike in Mick, where the MDL court was considering the same questions of removal

jurisdiction that were raised before this Court, Mick, No. 08CV386, Docket No. 23, Report &

Rec. at 12, other courts considering the remand or stay and transfer question in these

Cottrell/Teamsters actions have not uniformly decided this issue.  Some courts have denied a stay

pending MDL and remanded their cases to state courts e.g., Longstreet v. Cottrell, No.

3:11CV1125-MJR-DGW, Docket No. 11 (S. D. Ill., Jan. 10, 2012) (see, e.g., Docket No. 20, Pls.

Atty. Aff. ¶ 4, Exs. B, A[4]), while other courts have granted the stay, Dorrell, supra, No. 11-CV-

1115-WDS, Order (S.D. Ill. Jan. 18, 2012) (granting stay, denying without prejudice motion to

dismiss pending disposition of motion to transfer to MDL court) (see Docket No. 22, Cottrell

Reply Ex. H).  The cases remanded by the Southern District of Illinois each found that

interpretation of the Teamsters' CBA was not necessary for plaintiffs' tort and product liability

_____

[4]Exhibit A is copies of Orders from the following actions: McNary v. Cottrell, Inc., et al.,
Case No. 11-cv-1106-JPG-PMF (S.D. Ill. Jan. 10, 2012); Thompson v. Cottrell, Inc., et al., Civil
No. 11-1113-GPM (S.D. Ill. Jan. 10, 2012); Belleville v. Cottrell, Inc., et al., Case No. 11-cv-
1114-JPG-PMF (S.D. Ill. Jan. 9, 2012); Davenport v. Toyota Motor Sales, USA, Inc., et al., Case
No. 11-cv-1108-JPG-DGW (S.D. Ill. Jan. 9, 2012); Henderson v. Auto Handling Corp., et al.,
Civil No. 11-1118-GMP (S.D. Ill. Jan. 11, 2012); Mandeville v. Cottrell, Inc., et al., Civil No.
11-1107-GPM (S.D. Ill. Jan. 11, 2012); Smith v. Cottrell, Inc., et al., Case No. 11-cv-1112-JPG-
SCW (S.D. Ill. Jan. 9, 2012); Street v. Cottrell, Inc., et al., Case No. 3:11-cv-1119-JPG-DGW
(S.D. Ill. Jan. 10, 2012).
    Cottrell lists all of these actions, and three of the four pending in the Eastern District of
Missouri, see Docket No. 18, Cottrell Memo. at 3, as cases that should be considered together by
a MDL court, Docket No. 12, Ex. C, Schedule of Cases for proposed MDL

actions, where plaintiffs (Teamsters) alleged that Cottrell (and other defendants) had defectively designed equipment that lead to plaintiffs' injuries, e.g., Street v. Cottrell, Case No. 3:11-cv-1119-JPG-DGW (S.D. Ill. Jan. 10, 2012), Memo. and Order at 3.  These cases note that Cottrell is not a party to the CBA it now invokes as a basis for federal preemption and jurisdiction.  These cases are on appeal before the Seventh Circuit.

To solely answer the question in Cottrell's motion (Docket No. 18) of whether to stay this action pending determination of the pending MDL transfer motion, that stay is **denied**.

III.     Stay of Motions to Dismiss or to Remand

Essentially as an alternative to seeking a stay of the entire action, Cottrell also moved for stay of the motion to dismiss and to remand.  Both motions are tied up in the parties' jurisdictional contentions, with Cottrell arguing that plaintiffs' claims are preempted by federal labor law and plaintiffs asserting that their state law tort claims are best heard in state court.  On this motion for a stay, Cottrell argues that its labor law preemption issue has been fully briefed before the proposed MDL court (see Docket No. 18, Cottrell Motion to Stay at 3; Docket No. 12, Cottrell Notice of Motion for MDL Transfer, Ex. A, Motion for MDL Transfer (seeking transfer to Eastern District of Missouri).  The issue has been briefed and is pending before Judge Henry Autrey in the United States District Court for the Eastern District of Missouri (id.).

The Manual for Complex Litigation advises that a potential transferor court should not automatically postpone rulings on pending motions and motions to dismiss or for remand ought to be considered by the transferor court before the JPML acts on a pending MDL transfer motion, noting that the JPML sometimes has delayed ruling on the transfer motion until these dispositive

motions are decided when "fully briefed and argued," <u>Manual for Complex Litigation</u> § 20.131, at 220-21 (4th ed 2004) (emphasis added).

The earliest the JPML can render a decision on the transfer motion is March 29, 2012, when it is scheduled for oral argument.  Given the briefing schedule for Cottrell's motion to dismiss and plaintiffs' motion to remand (<u>see</u> Docket No. 17, with argument set for March 7, 2012), this Court can recommend a resolution of those motions before the JPML addresses the transfer question.  Again, in <u>Mick</u>, a conditional transfer order was issued when defendant moved for a stay pending the eventual transfer (<u>see</u> <u>supra</u> at page 7).  The MDL process is not as far along in the case at bar; defendant Cottrell has only just moved to transfer and had obtained an argument date for that motion.  The pending motions to remand and to dismiss, in fact, may delay the transfer, if the JPML awaits their resolution by this Court before deciding whether to grant a transfer.

Therefore, as with the stay of the entire action, Cottrell's motion (Docket No. 19) to stay consideration of the pending motions until its MDL transfer motion is decided is **denied**.

CONCLUSION

For the reasons stated above, defendant Cottrell, Inc.'s, motion for stay of the case pending determination of its Multidistrict Litigation transfer (Docket No. 18) is **denied**, and Cottrell's motion for stay or adjourning briefing of other pending motions (Docket No. 19) is **denied**.  Given the disposition of these motions, Cottrell's alternative motion (<u>id.</u>) for an abbreviated motion practice for these stay motions is **granted**.

Plaintiffs' request to strike Cottrell's Supplement to Motion (Docket No. 27) is **denied**.

So Ordered.

*/s/ Hugh B. Scott*

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        February 29, 2012

11